# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-CV-341-FDW-DCK

| | |
|---|---|
| DUANE EVANS, JR, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>BREG, INC., et al., )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiffs' Motion to Transfer Venue (Doc. No. 87). Plaintiffs, who are proceeding *pro se* after the withdrawal of their counsel of record, originally filed suit in the United States District Court for the District of Minnesota seeking damages arising from the use of an allegedly defective "pain pump" that was implanted in Plaintiff Duane Evans' shoulder to alleviate pain while he recovered from surgery. (Am. Compl.) The District of Minnesota (Doty, J.) transferred the matter to this Court after finding venue to be improper because there was no connection between Minnesota, any of the parties, the relevant events, or the alleged injuries and because Plaintiffs currently reside in the Western District of North Carolina. (Doc. No. 59 at 4). Plaintiffs now seek transfer to the Southern District of New York, arguing that the factors weigh in favor of transfer to that district. Having reviewed the file, the Court agrees and transfers this case to the United States District Court for the Southern District of New York.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."[1] In determining whether transfer is proper, courts weigh a number of

---

[1] As a threshold matter, the forum to which transfer is sought must have subject-matter jurisdiction over the suit and venue must be proper. 15 Charles Alan Wright & Arthur R. Miller, Federal Practice &

factors, including the relative ease of access of proof, the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses, local interest in having localized controversies settled at home, and the appropriateness of in having a trial in a diversity action in a forum that is at home with the state law that must govern the action, among others. Ancient Sun Nutrition, Inc. v. Oregon Algae, LLC, No. 1:10CV140, 2010 WL 3719503 at *2-3 (W.D.N.C. Sept. 17, 2010) (slip copy) (citations omitted).

Here, a number of the factors weigh in favor of transfer. Specifically, the Amended Complaint alleges that all events giving rise to this action occurred in New York and that a number of third-party witnesses are in New York. Additionally, because the action arose in New York and Plaintiffs were New York residents at the time the events occurred, New York law likely governs and New York has a greater interest in this litigation.[2]

Although Defendant I-Flow has not responded to the instant motion, it did support transfer from the District of Minnesota, but preferred transfer to the Southern District of New York over transfer to this Court. (Doc. No. 48). Accordingly, the Court considers this motion unopposed.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Transfer Venue is GRANTED and this action is hereby transferred to the United States District Court for the Southern District of New York.

---

Procedure § 3845 (3d ed. 1998). Here, federal jurisdiction is based on diversity of citizenship (Am. Compl. ¶ 19), and venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a)(2).

[2] The Court notes that Plaintiffs seek transfer primarily because "the interests of justice" demand it, namely, because they are currently proceeding *pro se* after their counsel withdrew and believe it would be easier to secure counsel in New York, putting them on equal footing with Defendant. (Doc. No. 87). This argument is unavailing and, if made alone, would be insufficient to warrant transfer. It is well-settled that *pro se* civil litigants have no right to counsel, absent "exceptional circumstances." Whisenhat v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 300 (1989).

The Clerk is directed to send a copy of this Order to Plaintiffs at 10021 Cloisters Club Lane, Apt. 210, Charlotte, NC 28278, which is Plaintiffs' address of record, and to counsel for the Defendant.

IT IS SO ORDERED.

Signed: October 21, 2010

Frank D. Whitney
United States District Judge